Sesay v. Lynch

BIA
A095 405 335

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of September, two thousand sixteen.

PRESENT:
        JOHN M. WALKER, JR.,
        ROBERT D. SACK,
        REENA RAGGI,
            *Circuit Judges.*
_____

MOHAMED SESAY,

        *Petitioner,*

        v.                                          15-847
                                                    NAC
LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,

        *Respondent.*
_____

FOR PETITIONER:         Thomas V. Massucci, New York, New York.

FOR RESPONDENT:         Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Francis W. Fraser, Senior Litigation

Counsel; W. Daniel Shieh, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mohamed Sesay, a native and citizen of Sierra Leone, seeks review of a March 10, 2015, decision of the BIA denying of his motion to reopen. *In re Mohamed Sesay,* No. A095 405 335 (B.I.A. Mar. 10, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the denial of a motion to reopen for abuse of discretion, but review any findings regarding country conditions for substantial evidence. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). When, as here, an alien files a timely petition from the denial of a motion to reopen, we review only the denial of the motion, and not the agency's underlying decisions. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89-90 (2d Cir. 2001).

An alien seeking to reopen proceedings may file only one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). However, that time limitation is excused if the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceedings." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA had the discretion to discredit Sesay's evidence based on the underlying adverse credibility determination against him. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007) (holding that the BIA may decline to credit documentary evidence submitted with a motion to reopen if it has "legitimate concerns about [the petitioner's] credibility" based on a previous adverse credibility determination and the petitioner offers no other corroborating evidence). Sesay submitted a newspaper article and affidavits from his sister and friends. As a general matter, these documents largely

3

reiterated his original asylum claim, which the agency previously rejected as lacking credibility. Moreover, the article conflicted with Sesay's original application with respect to his father's name and the number of siblings he has, and despite focusing on Sesay's father, omitted mention of his father's 1999 murder. The BIA was entitled to question whether the article actually related to Sesay or another person with the same name, particularly given Sesay's credibility problems. *See Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005) (finding no abuse of discretion when the BIA "clearly explained that the evidence submitted by petitioner in support of her motion was not 'material' because it did not rebut the adverse credibility finding that provided the basis for the IJ's denial of petitioner's underlying asylum application").

Additionally, the BIA found that most of the information in the newspaper article was previously available. That finding was also sound. The article reports that Sesay fled Sierra Leone to escape the Poro Society persecution. If so, then that persecution occurred long before Sesay's merits hearing in 2008: Sesay left Sierra Leone in 1999. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

4

Sesay asserts that his motion detailed a new threat from the Poro Society, a different rebel group from the RUF described in his first application.  Sesay did not make this distinction to the BIA and the agency did not discuss it.  His argument is therefore unexhausted, and so we decline to consider it.  *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (providing that judicially imposed issue exhaustion is mandatory).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk